UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| HARRY LEE RIDDICK, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:16-cv-188-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN ORMOND, et al. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Harry Lee Riddick, Jr., is an inmate at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Riddick filed a civil rights action seeking mandamus relief pursuant to 28 U.S.C. § 1361 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1.]

After the Court received Riddick's initial submission, it directed him to complete and file the Court's civil rights complaint form, providing all of the information required by the form. [R. 6 at 1.] At that time, the Court informed Riddick that before he could file suit to challenge an action or decision by prison officials, he must complete the inmate grievance process in its entirety and pursue all available appeals with the Bureau of Prisons under Program Statement 1330.16 ¶¶ 7-12. [R. 6 at 1.] The Court noted that if an inmate files suit before the grievance process is completed in its entirety, the Court must dismiss the case without prejudice. [R. 6 at 1-2.] The Court later repeated its admonishment that unexhausted claims are subject to summary dismissal. [R. 9 at 2.]

Riddick eventually completed and filed the civil rights complaint form. [R. 10.] He also filed several other motions with the Court, including but not limited to a motion for a preliminary

injunction [R. 22], motions asking the Court to issue subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure [R. 24, 26, 27], and motions asking the Court to hold a hearing [R. 28] and to take judicial notice of certain alleged facts [R. 29].

As an initial matter, many of Riddick's statements in his submissions are inexplicable or unintelligible. For example, Riddick has said he "is a corporation organized and operating under the laws of the State of Pennsylvania, with its principal place of business located in Allentown, Pennsylvania, HARRY'S CONSTRUCTION CO. INC." [R. 1 at 1.] Riddick has also said:

> Plaintiff being a citizen of the state of PA., is being denied equal protect of the law, legal implication arise out of the refusal to process the UCC-1 Mr. Ormond is just as guilty for denying me this right see: Bailey V. Alabama Circa 1910; Known as a Condition of Involuntary Servitude (Prohibited by the 13th Amendment), compelling persons to perform labor in order to pay off debt. Rule 8(c) affirmative defense. (Equal) to: "Accepting For Value" the Commercial Process?

[R. 10 at 2-3]. Riddick then said that "Mr. Ormond has turned justice into poison, he has become liable, Depriving Plaintiff right to file UCC-1 Application along with Security agreement with the State of PA. State Dept." [R. 10 at 3.]

Riddick ultimately appears to be complaining that the Warden and other prison officials are affirmatively preventing him from sending a UCC-1 financing statement, a security agreement form, and other documents to Pennsylvania's Department of State. Riddick also appears to be claiming more recently that he has been improperly confined in disciplinary segregation at the prison. That said, Riddick admits in his complaint that he has not exhausted his administrative remedies. Indeed, when asked if he filed a grievance regarding the facts in his complaint pursuant to Bureau of Prisons regulations, Riddick affirmatively indicated that he had not. [R. 10 at 11.] Therefore, as the Court stated in its prior orders, it will dismiss Riddick's complaint without

2

prejudice. *See Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (district court can sua sponte dismiss a complaint when it is apparent from the face of the complaint that a claim is barred by an affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (indicating that a court can dismiss a case if the complaint itself makes it clear that the prisoner failed to exhaust); *Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.") The Court will also deny Riddick's outstanding motions as moot. That said, the Court will certainly allow Riddick to refile his complaint and motions once he has fully exhausted his administrative remedies.

Accordingly, **IT IS ORDERED** that:

1. Riddick's complaint and amended complaint [**R. 1, 10**] are **DISMISSED WITHOUT PREJUDICE**.

2. Riddick's pending motions, including his motion for a preliminary injunction [**R. 22**], motions asking the Court to issue subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure [**R. 24, 26, 27**], and motions asking the Court to hold a hearing [**R. 28**] and to take judicial notice of certain alleged facts [**R. 29**], are **DENIED AS MOOT**.

3. Once Riddick has fully exhausted his administrative remedies, he may refile his complaint and motions.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

5. A corresponding judgment will be entered this date.

This the 17th day of May, 2017.

Gregory F. Van Tatenhove
United States District Judge